UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAND HOTEL HOSPITALITY LLC d/b/a GRAND HOTEL DALLAS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2820-B |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Grand Hotel Hospitality LLC's (Grand Hotel) motion to remand. Doc. 6. For the reasons stated below, the Court **GRANTS** the motion and **REMANDS** this case to state court.

## I.

## BACKGROUND[1]

This is a breach-of-contract case. On September 20, 2016, a fire severely damaged Grand Hotel. Doc. 1-3, Pl.'s Original Pet., 2. Defendant Certain Underwriters at Llyod's of London (Llyod's of London) is Grand Hotel's insurer. Grand Hotel sued Defendants Llyod's of London, McClarens, Inc.,[2] and Brandon Weir in Texas state court, asserting claims for breach of contract, violations of

---

[1] The Court draws its facts from Grand Hotel's original petition, Doc. 1-3, and the parties' motion-to-remand briefing.

[2] Grand Hotel lists McClarens Global Claims Services Inc. as a defendant in this case, but it appears that the parties dispute whether that entity exists. Doc. 14, Defs.' Am. Notice of Removal, 5.

-1-

the Texas Insurance Code and the Texas Deceptive Practices Act, and common-law bad faith. *Id.* at 4–5.

Defendants removed on the basis of diversity jurisdiction. *See* Docs. 6, 14. Defendants assert in their notice of removal that the parties are completely diverse when disregarding the state citizenship of Brandon Weir, the insurance adjuster who evaluated Grand Hotel's loss. Doc. 14, Defs.' Am. Notice of Removal, 5–6. And it says the Court should overlook Weir's Texas citizenship because Grand Hotel improperly joined him as a defendant. *Id.* Grand Hotel filed a motion to remand, arguing Weir is a proper defendant because it pleaded an independent cause of action under the Texas Insurance Code against Weir. Doc. 6, Pl.'s Mot. to Remand, 12–16, *see also* Pl.'s Resp., 2–8. Grand Hotel's motion to remand is ripe for consideration.

## II.

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.*

*A. Removal Jurisdiction*

The federal removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove any civil action to federal court if that action falls within the district court's original jurisdiction. This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But to invoke the statute, the parties must be completely diverse, meaning "each plaintiff must be of a different

citizenship than each defendant." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984).

  *B. Improper Joinder*

  If an in-state defendant is improperly joined, a court may disregard the in-state defendant's citizenship for the purpose of determining whether there is complete diversity. *Cuevas v. BAC Home Loans Serv., LP*, 648 F.3d 242, 249 (5th Cir. 2011). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Id.*

  To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. Ry. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Defendants assert only the second method, under which the removing party meets its burden by showing that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

  Courts resolve whether a plaintiff has met his burden in one of two ways. The first is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the in-state defendant. *Id.* The second is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id.* The latter approach, however, is appropriate only where the evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id.* Defendants do not argue that a Rule 56-type analysis should be used, so the Court finds it appropriate to proceed with a Rule 12(b)(6)-type analysis of Grand Hotel's original petition.

*C. Rule 12(b)(6) Analysis*

Federal pleading standards apply when conducting a 12(b)(6)-type analysis of a petition originally filed in Texas state court. *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016).

Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In summary, to determine whether Weir's Texas citizenship destroys diversity, the Court must decide whether Grand Hotel improperly joined him. To do that, the Court evaluates Grand Hotel's claims against Weir under 12(b)(6); if Grand Hotel states a claim against Weir, then Weir was properly joined and the Court must remand for lack of diversity jurisdiction.

## III.

## ANALYSIS

Defendants removed this case on the basis of diversity jurisdiction. Doc. 14, Defs.' Am. Notice of Removal, 4–5. The parties' citizenships are not disputed: Grand Hotel is citizen of Texas, Lloyd's of London is a citizen of the United Kingdom, McClarens, Inc. is a citizen of Georgia and Delaware, and Weir is a citizen of Texas. *Id.* Defendants say the Court should disregard the diversity-destroying citizenship of Weir because he was improperly joined. *Id.* at 5–11. Defendants argue that the general and vague nature of Grand Hotel's allegations against Weir indicate that Grand Hotel only grouped Weir with the other defendants to destroy diversity such that Weir is not a proper defendant. *Id.* at 6–7. Grand Hotel contends that its complaint states an independent cause of action against Weir. Doc. 15, Pl.'s Reply, 1–2. Specifically, Grand Hotel alleges that Weir violated Texas Insurance Code § 541.060 by "fail[ing] to properly determine the correct value of the property." Doc. 1-3, Pl.'s Original Pet., 3. It appears Grand Hotel is alleging that Weir violated § 541.060(a)(2)(A), which creates civil liability for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."

The Court agrees with Grand Hotel. The Fifth Circuit has stated that "an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Tex. Ins. Code, and may be liable under it." *Roach v. Vehicle*, No. 3:15-cv-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016). And this Court has concluded that an individual insurance adjuster may be held liable under § 541.060(a)(2)(A). *Allied Stone, Inc. v. Acadia Ins. Co.*, No. 3:17-CV-1603-B, 2018 WL 1517864, at *3 (N.D. Tex. Mar. 27, 2018) (collecting cases). Other

courts have found that § 541.060 cannot be applied against adjusters for violating those provisions specifically referring to the settlement or paying of claims. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Ministerio Int'l Lirios Des Valle v. State Farm Lloyds*, No. 3:16-cv-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (finding, as a matter of law, that adjusters cannot be liable under § 541.060(a)(2)). But "in the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Tex. Ins. Code must be resolved in favor of remand." *Roach*, 2016 WL 795967, at *6. Therefore, the Court will continue its analysis accepting the premise that an individual adjuster can be held liable under § 541.060(a)(2)(A).

The Court also agrees with Grand Hotel that Defendants have not met their heavy burden of showing that there is no way Grand Hotel could recover against Weir. *Smallwood*, 385 F.3d at 573. To support its § 541.060 claim, Grand Hotel pleads that Weir "failed to properly determine the correct value of the property and made a determination," which affected the application of a co-insurance penalty and led to a lower payment amount for Grand Hotel's claim. Doc. 1-3, Pl.'s Original Pet., 3. This allegation is less than detailed, but is sufficient enough to state a claim against Weir under § 541.060(a)(2)(A); when accepted as true, Grand Hotel's allegation that Weir caused Grand Hotel to receive less than it was entitled to under the insurance contract suggests Weir failed to effectuate a fair and equitable settlement of the claim under § 541.060(a)(2)(A). *See Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) (finding plaintiff stated a § 541.060(a)(2)(A) claim against adjuster by pleading that the adjuster "failed to perform a complete investigation of the claim.").

Weir is a proper defendant. Because Weir, a Defendant, and Grand Hotel, the Plaintiff, are Texas citizens, the Court does not have diversity jurisdiction, and accordingly **REMANDS** this case to state court.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Grand Hotel's motion to remand, Doc. 6, and **REMANDS** this case to state court.

**SO ORDERED.**

SIGNED: April 24, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE